

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1444
Re: Will an operator dealing
in paint and wall paper
who handles such items
as artists supplies, etc.,
show card supplies, etc.,
be liable for the chain
store tax.

We are in receipt of your letter of September 13, 1939, in which you request the opinion of this department in response to the following question:

"Will an operator dealing in
paint and wall paper, who also
handles such items as artists sup-
plies consisting of oil paints,
easels, paper and canvas, brushes
and artists boxes composed of paint
and brushes; also, show card sup-
plies as cards, paper for show
cards, paints, brushes, pens, speed
balls, glazed paper for show cards
and artists, glue for work on fur-
niture and decal decorations, be
liable for the store tax?"

Opinion No. 0-40, dated January 9, 1939, and ad-
dressed to Mr. W. B. Lane, Special County Auditor, Carrizo
Springs, Texas, considered a proposition very similar to
the one which you have submitted in your letter. In that
case an opinion was requested as to whether or not a store
selling approximately 65% of its gross receipts in retail
lumber and building materials would be subject to the chain
store tax. In that opinion the same statutory exemption
from the payment of the tax which you submit in your letter
was considered.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

Section 5 of Article 1111d of the Penal Code provides for the exemption from the tax by "wholesale and/or retail lumber and building material businesses engaged exclusively in the sale of lumber and building material."

Opinion No. O-40, a copy of which is hereto attached, discusses the authorities and holds that before a place would come within the exemption it must be engaged exclusively in the sale of lumber and building material. It would make no difference if the large majority, or in fact nearly all, of the products sold were lumber and building material. The use of the word "exclusively" requires that such places to be exempt shall handle nothing but lumber and building material.

It is evident from the question submitted in your letter that by no stroke of imagination could many of the items sold by this operator be classified as lumber and building material. It is the opinion of this department, therefore, that said operator would not be exempt from the payment of the chain store tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

BG:FG

APPROVED SEP 20, 1939

Gerald Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN